[Cite as *State v. Kalil*, **2014-Ohio-4057.**]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| GLENN EVANS KALIL | : | Case No. 2014CA00062 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2013-CR-1713



JUDGMENT:                        Affirmed




DATE OF JUDGMENT:                September 15, 2014




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           STEVEN A. REISCH
Prosecuting Attorney                      201 Cleveland Avenue, SW
By: RONALD MARK CALDWELL                  Suite 104
110 Central Plaza South, Suite 510        Canton, OH  44702
Canton, OH  44702-1413

*Farmer, J.*

{¶1} On October 30, 2013, Ohio State Highway Patrol Trooper Jessie Johnson stopped a vehicle for a headlight violation. The vehicle belonged to the passenger therein, appellant, Glenn Kalil. Upon investigation, Trooper Johnson discovered crack cocaine in the vehicle.

{¶2} On December 16, 2013, the Stark County Grand Jury indicted appellant on one count of possession of cocaine in violation of R.C. 2925.11. On February 19, 2014, appellant filed a motion to suppress, claiming an unreasonably long detention without articulable facts pointing to criminal activity. A hearing was held on March 12, 2014. At the conclusion of the hearing, the trial court denied the motion. On same date, appellant pled no contest to the charge. By judgment entry filed March 19, 2014, the trial court found appellant guilty. By judgment entry filed April 15, 2014, the trial court sentenced appellant to three years of community control.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶4} "THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION TO SUPPRESS."

I

{¶5} Appellant claims the trial court erred in denying his motion to suppress. We disagree.

{¶6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact.

In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶7} In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences

from those facts, reasonably warrant that intrusion." *Id.* at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶8} On October 30, 2013 at 11:30 p.m., Trooper Johnson stopped a vehicle for a non-operable headlight. T. at 6, 22. He also observed a marked lanes violation. T. at 25. Appellant was the owner of the vehicle and was in the passenger's seat. T. at 5-6, 10, 27. Upon speaking with the occupants of the vehicle, Trooper Johnson noticed the driver to be "over nervous." T. at 7. He observed "increased respiratory breathing, breathing through his, like his belly was moving in and out. He was wiping his hands on his pants as if he was sweating. Staring straight ahead, wide eyed, scared look." *Id.* Trooper Johnson advised the driver his intent was to issue a warning for the headlight, but "it didn't lower his nervous behavior at all." T. at 7-8, 26, 35. Trooper Johnson looked at the headlight and realized it was "busted" so he "didn't know if it was like a hit skip crash" given the nervous behavior. T. at 30, 31. Based upon the driver's nervousness and the possibility of a hit/skip, Trooper Johnson asked the driver to step out of the vehicle and patted him down for weapons. T. at 23. Upon questioning the driver of his activity prior to the stop, the driver's story "didn't seem to really make sense." T. at 8. Trooper Johnson then placed the driver in the back of his cruiser and went to speak to appellant. T. at 9. Trooper Johnson had appellant exit the vehicle and patted him down for weapons too. T. at 23. Appellant had a different story as to their prior activity, which caused Trooper Johnson to have a "very high" suspicion "because, ah, neither party's stories were matching up." T. at 10-11. Trooper Johnson asked

appellant if he could search the vehicle and appellant consented.  T. at 12, 27.  During the search, Trooper Johnson discovered two rocks of crack cocaine.  T. at 28.  About six minutes of the videotape of the stop was played.  T. at 13, 21; State's Exhibit 1.  The stop lasted eleven minutes.  T. at 37.  Trooper Johnson justified the pat downs upon routine, the time of night of the stop, the extreme nervous behavior, and the possibility of a hit/skip.  T. at 23, 29-30.

{¶9}  At the conclusion of the suppression hearing, the trial court found the following (T. at 41-42):

But the Court is satisfied from the testimony of the officer, and the questions even the Court asked, that this officer, based on his experience, saw that this, this conduct on the part of the driver and this passenger defendant, was beyond, far beyond that of someone who has a routine stop and is a little bit apprehensive.  There was clearly a basis that something was afoot, that, to further explore what that was.  And the Court finds that the period of time to further explore it was reasonable and the search of the vehicle was ultimately consensual.

The pat downs, obviously, for officer safety, given the nervousness and the time of night, was reasonable.

The Court finds that there were no violations of the 4th Amendment in the interaction between the state and this defendant and motion to suppress is overruled.

{¶10} We concur with the trial court analysis that under the totality of the circumstances, the pat down for officer safety and the length of the stop were justified. The detention of eleven minutes was reasonable considering the facts sub judice.

{¶11} Upon review, we find the trial court did not err in denying the motion to suppress.

{¶12} Assignment of Error is denied.

{¶13} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 8/22